IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RACHARD ANGTON,<br>  #1957190,<br>         PETITIONER,<br><br>v.<br><br>LORIE DAVIS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION DIV.,<br>         RESPONDENT. | §<br>§<br>§<br>§<br>§    CIVIL CASE NO. 3:18-CV-2454-L-BK<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Rachard Angton's petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management. As detailed here, the habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I.   BACKGROUND**

In 2014, a jury found Angton guilty of murder and assessed punishment, enhanced by two prior felony convictions, at 40 years' imprisonment. *Angton v. State*, No. F-1355911-H (Crim. Dist. Ct. No. 1, Dallas Cty., Tex., July 30, 2014), *aff'd*, No. 05-14-01038-CR, 2015 WL 6781454, at *1 (Tex. App.—Dallas, Nov. 6, 2015, pet. ref'd). He unsuccessfully sought state habeas relief. *Ex parte Angton*, No. WR-86,898-01 (Tex. Crim. App. Sep. 13, 2017).[1]  On

---

[1] The state habeas docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-86,898-01&coa=coscca (last accessed Mar. 25, 2019).

September 14, 2018, Angton filed his *pro se* federal habeas petition in the instant case, challenging his conviction.  Doc. 3 at 6-7.  As his federal petition appeared untimely, the Court directed Angton to respond regarding the application of the one-year limitations period.  Doc. 11.  As of the date of this recommendation, however, he has failed to respond to the Court's order, instead filing only a brief in support of his habeas petition.  Doc. 12.  That notwithstanding, a review of the petition reveals it is barred by the applicable statute of limitations.

## II.     ANALYSIS

### A.  One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond.  *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  Angton does not allege any facts that could trigger a starting date under Subsections 2254(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Angton's conviction became final on July 12, 2016—90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on April 13, 2016.  *See Angton,* 2015 WL 6781454, at *1; Sup. Ct. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003).[2]  Thus, When his state habeas application was filed on March 29, 2017, 260 days of the

---

[2] The docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=PD-1612-15&coa=coscca (last accessed Mar. 25, 2019).

one-year limitations period had already elapsed.[3] The state application remained pending until its denial on September 13, 2017, statutorily tolling the one-year limitations period during its pendency. 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application). The one-year period resumed running on September 14, 2017, and elapsed 105 days later, on December 28, 2017. Consequently, the petition *sub judice*, deemed filed on September 7, 2018, is clearly outside the one-year limitations period, absent equitable tolling.[4]

### B. Equitable Tolling

Angton's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (quotations and quoted case omitted)). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (noting "equity is not intended for those who sleep on their rights" (quotation and quoted case omitted)).

---

[3] The state application is deemed filed on March 29, 2017, the date on which Angton indicated it was signed and, therefore, likely it was also handed to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application); *see also Ex parte Angton*, No. W1355911A, *Application for Writ* (Crim. Dist. Court No. 1, Dallas Cty., Tex., filed April 17, 2017), available at http://courtecom.dallascounty.org/publicaccess/ (last visited Mar. 25, 2019).

[4] For purposes of this recommendation, the federal petition is deemed filed on September 7, 2018, the date Petitioner certifies placing it in the prison mail system. Doc. 3 at 10; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

Furthermore, this is not a case in which Angton pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. He waited more than eight months from the date his conviction became final to file his state habeas application and delayed more than 11 months after his state application was denied before he submitted his federal petition for mailing. Moreover, Angton's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim"); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) (finding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Consequently, Angton has not met his burden to establish that equitable tolling is warranted in this case. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on April 1, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).